NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0380n.06

No. 21-3584

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 21, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SALIFU JATTA, | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| Respondent. | ) | OPINION |
| | ) | |

Before: BATCHELDER, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Salifu Jatta, a native and citizen of The Gambia, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to remand for a mental competency hearing and summarily dismissing his appeal from the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As set forth below, we **DENY** Jatta's petition for review.

Jatta entered the United States in August 2012 as a B-1/B-2 visitor with authorization to remain for a six-month period; he remained beyond that period without authorization. In October 2020, the Department of Homeland Security (DHS) served Jatta with a notice to appear in removal proceedings, charging him as removable for having remained in the United States for a time longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). The DHS later added three more charges of removability: Jatta had been convicted of (1) a crime involving moral turpitude within five years after his admission, (2) two crimes involving moral turpitude not arising out of a single scheme of

criminal misconduct, and (3) a controlled substance offense. *See* 8 U.S.C. § 1227(a)(2)(A)(i)-(ii), (a)(2)(B)(i). An immigration judge (IJ) sustained the charges after Jatta, appearing pro se, admitted the factual allegations underlying them.

Jatta submitted an application for asylum, withholding of removal, and CAT protection. At the hearing on his application, Jatta, who remained unrepresented, asserted that he feared returning to The Gambia for two reasons: (1) the current political regime might harm him based on his family's ties to the former president, and (2) his criminal record in the United States might subject him to harm in a Muslim country where such crimes are not tolerated. Jatta, along with four other witnesses, testified in support of his application. At the conclusion of the hearing, the IJ issued an oral decision denying Jatta's application. The IJ determined that Jatta's asylum application was untimely, that his claims for withholding of removal and CAT protection lacked any evidence to corroborate the testimony presented by him and his witnesses, and that his claim for CAT protection was not "cognizable." Jatta initially stated that he would appeal the IJ's decision but, after a brief recess, indicated that he no longer wished to appeal. The IJ confirmed that Jatta did not wish to appeal and that he accepted the IJ's decision as a final decision.

Despite his waiver of the right to appeal, Jatta, then proceeding through counsel, filed a notice of appeal with the BIA. Jatta subsequently filed a motion to remand his case to the IJ for a hearing to assess his mental competency pursuant to *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). In support of his motion to remand, Jatta submitted an affidavit from a psychologist concluding that he had "great difficulty focusing, concentrating, and paying attention, and would therefore have difficulty assisting his own attorney or the Immigration Court." The BIA denied Jatta's motion to remand, determining that the psychologist's report "stop[ped] short" of finding

Jatta incompetent to represent himself and that the record lacked any indicia of incompetency, and summarily dismissed the appeal based on Jatta's appeal waiver.

This timely petition for review followed. Jatta argues that the IJ erred in failing to conduct a mental competency hearing when he showed indicia of incompetency and that the BIA erred in failing to remand his case when the psychologist's report demonstrated that he did not understand the proceedings against him.

We review the BIA's order as the final agency determination. *See Marikasi v. Lynch*, 840 F.3d 281, 286-87 (6th Cir. 2016). Because Jatta is removable by reason of having committed certain criminal offenses, we lack jurisdiction to review the BIA's order except for constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *see also Ishac v. Barr*, 775 F. App'x 782, 789 (6th Cir. 2019) (recognizing that the "jurisdictional bar remains in force" when reviewing the denial of a motion to remand). We generally review the BIA's denial of a motion to remand for abuse of discretion. *Pilica v. Ashcroft*, 388 F.3d 941, 948 (6th Cir. 2004). Whether a mental competency hearing was warranted presents an issue implicating procedural due process. *See Diop v. Lynch*, 807 F.3d 70, 74-75 (4th Cir. 2015); *Jaadan v. Gonzales*, 211 F. App'x 422, 430-31 (6th Cir. 2006). We review de novo alleged due process violations using a two-step inquiry: "first, whether there was a defect in the removal proceeding; and second, whether the alien was prejudiced because of it." *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005).

Jatta contends that the IJ erred in failing to conduct a mental competency hearing pursuant to *Matter of M-A-M-* when he showed indicia of incompetency during the removal proceedings. "[A]n alien is presumed to be competent to participate in removal proceedings"; therefore, "[a]bsent indicia of mental incompetency, an Immigration Judge is under no obligation to analyze an alien's competency." *Matter of M-A-M-*, 25 I. & N. Dec. at 477. Indicia of incompetency may

include "certain behaviors by the [alien], such as the inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction," as well as record "evidence of mental illness or incompetency." *Id.* at 479. But "if there are no indicia of incompetency in an alien's case, no further inquiry regarding competency is required." *Id*. at 484.

Jatta argues that there were numerous instances throughout the removal proceedings that raised questions about his competency and his ability to represent himself. Jatta asserts that he was unable to remember his prior arrests, but the record shows that he acknowledged and detailed the circumstances of each arrest when questioned by government counsel. Jatta further contends that he told immigration officials that he was afraid of his uncle but omitted that fear from his application, which, he claims, indicates that he had "forgotten to complete all the events and facts for his asylum application." But Jatta provided a reasonable explanation for that omission: "I don't think it's necessary for me to put everything in the application." Jatta also asserts that his witnesses testified to a "completely different asylum claim" than he presented in his application and testimony. The witnesses testified about Jatta's fear of returning to The Gambia based on his father's ties to the former president; Jatta raised this same fear in his application and testimony. Jatta claims that he gave "nonsensical" answers when asked why he failed to follow the IJ's instructions about presenting evidence in support of his application. But Jatta rationally explained that he ran out of time to print documents from a flash drive and submit them to the immigration court because his fiancée "was looking for a notary" and "everything is actually moving slow" due to the COVID-19 pandemic. Jatta also points to his change of mind about appealing the IJ's decision. But Jatta provided a reasonable explanation for waiving his right to appeal: he wanted to get out of custody as soon as possible.

Contrary to Jatta's arguments, the proceedings before the IJ lacked any indicia of incompetency to trigger further inquiry. Jatta provided detailed, coherent testimony in response to questions from the IJ and government counsel and presented four witnesses who testified in support of his application. *See, e.g.*, *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 487 (3d Cir. 2022) (finding no indicia of incompetency where the petitioner "engaged in a responsive and appropriate colloquy with the judge" and "presented evidence on his behalf"). Accordingly, the IJ did not err in failing to conduct a mental competency hearing sua sponte.

Jatta further argues that the BIA erred in failing to remand his case when the psychologist's report demonstrated that he did not understand the proceedings against him. In denying the motion to remand, the BIA determined that the psychologist's report "stop[ped] short of concluding" that Jatta was not competent to represent himself and that the record neither revealed "the short-term memory problems and processing problems" described in the psychologist's report nor contained any indicia of incompetency requiring further inquiry.

According to the psychologist's report, Jatta had "great difficulty focusing, concentrating, and paying attention, and would therefore have difficulty assisting his own attorney or the Immigration Court." But Jatta did not exhibit such difficulties or display any other indicia of incompetency during the hearing on his application. "It was not error for the BIA to rely on how [Jatta] presented himself at the hearing and how he responded to questions and give those considerations more weight under the circumstances." *Lundes Perez v. Rosen*, 842 F. App'x 86, 89 (9th Cir. 2021) (citation omitted).

The BIA summarily dismissed Jatta's appeal from the IJ's decision based on his appeal waiver. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G). Jatta's brief in support of his petition for review does not raise any argument about the BIA's summary dismissal of his appeal and instead focuses

exclusively on the mental competency issue. Jatta has therefore forfeited any challenge to the BIA's summary dismissal of his appeal by failing to address that issue in his brief. *See Amezola-Garcia v. Lynch*, 846 F.3d 135, 139 n.1 (6th Cir. 2016); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

For these reasons, we **DENY** Jatta's petition for review.